**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**JOHNNIE JONES, JR.**                                                                                  **PLAINTIFF**

vs                                            3:04CV00030-WRW

**ARKANSAS GAME &FISH COMMISSION
and TERRENCE TEEL, Supervisor at Shirley Bay/**                                **DEFENDANTS**
**Rainey Brake WMA; DALE OLDHAM, Shirley Bay/
Rainey Brake Area Manager; DONNIE HARRIS, Chief
of the Wildlife Management Division of AGFC; ROBERT
ZACHARY, Region 1 Supervisor for AGFC; and SCOTT
HENDERSON, Director of AGFC, in Their Official and
Individual Capacities**

**ORDER**

This is a case brought under Title VII, the Arkansas Civil Rights Act of 1993 ("ACRA"), 42 U.S.C. §1981 and 42 U.S.C.§1983. A hearing was held on June 7, 2005 to consider the Game and Fish Commission's Motion for Reconsideration; two Motions in Limine filed by the Arkansas Game and Fish Commission[1]; one Motion in Limine filed by the individual defendants;[2] and the individual defendants' claim to qualified immunity. Following the hearing, the Arkansas Game and Fish Commission and the individual defendants filed additional Motions to Strike Plaintiff's supplemental affidavit.[3] For the reasons stated below, the Motion for Reconsideration is DENIED; the Motions in Limine are GRANTED in part and

---

[1] Doc. Nos. 48 and 61.

[2] Doc. No. 57.

[3] Doc. Nos. 91, 93 and 95.

DENIED in part; the ACRA claims against Mr. Henderson, Mr. Harris, and Mr. Teel in their individual capacities are DISMISSED; the §1983 claim against Terrence Teel is DISMISSED; the §1983 claims against Scott Henderson and Donnie Harris in their Individual Capacities are DISMISSED; the Motions to Strike are DENIED.

## I. Discussion

**A. Motion for Reconsideration:**

Separate Defendant, the Arkansas Game and Fish Commission moved for Reconsideration during the hearing and argued that denial of Summary Judgment was improper in view of an Eighth Circuit decision, *Sallis v. University of Minnesota.*[4] In that case, the plaintiff's hostile work-environment claim was dismissed because evidence of infrequent rude remarks made by supervisors were not sufficient to create a hostile work environment. This case is different. In *Sallis,* the offensive remarks did not include the word "nigger." As I stated in my opinion denying the Motion, courts have recognized that the term "nigger" can have a highly disturbing impact on the listener.[5] "The fact is that terms like "nigger," "spick," "faggot," and "kike" evoke and reinforce entire cultural histories of oppression and subordination. They remind the target that his or her group has always been and remains

---

[4]408 F.3d 470 (8th Cir. 2005).

[5]*Virginia v. Black*, 538 U.S. 343 (2003); *Hbrobowski v. Worthington Steel Co.*, 358 F.3d 473 (7th Cir. 2004).

unequal in status to the majority group."[6] Unlike the *Sallis* case, Plaintiff alleges more than the use of offensive remarks. He complains that Zachary and Oldman were frequently verbally abusive.

The evidence that these supervisors used the term "nigger" when speaking to and about Plaintiff is direct evidence that their alleged abusive conduct was motivated by racial animus. Therefore, there is enough evidence to make the hostile work environment claim trial worthy.

The Arkansas Game and Fish Commission argued that the evidence of an adverse employment action was too weak to present to a jury. I agree that there are some weaknesses with respect to the adverse action issue (especially Plaintiff's contention that he was purposely reassigned to an area in Arkansas that is more intolerant to African-Americans). Nevertheless, there is evidence that Oldman and Zachary reassigned Plaintiff to an area that is more isolated; covers a larger area; experiences a greater turnover; and requires more strenuous work. The Supreme Court has found that "reassignment with significant different responsibilities"[7] constitutes an adverse action. The Eighth Circuit has also held that subjecting Plaintiff to lower work evaluations and greater scrutiny may also be indicative of an adverse action. In the same case the Eighth Circuit emphasized that the question of "adverse action" is "generally a jury question."[8]

---

[6] Ronald Turner, *Regulating Hate Speech and the First Amendment: The Attractions of and Objections to, an Explicit Harms-Based* Analysis, 29 Ind.L.Rev. 257, 292 n.242 (1995).

[7] *Pennsylvania State Police v. Suders* 542 U.S. 129 (2004) *citing Burlington Industries, Inc. V. Ellerth*, 524 U.S. 742 (1999).

[8] *Kim v. Nash*, 123 F.3d 1046, 1060-61(8th Cir. 1997). See also: *Davis v. City of Sioux City*, 115 F.3d 1365, 1369 (8th Cir. 1997); *MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923, 928 (8th Cir. 2004).

In addition to evidence concerning the work environment and the work duties, there is evidence that Plaintiff's new supervisor was instructed to keep daily records of Plaintiff's work performance, and avoid giving Plaintiff evaluations that could lead to a merit raise. In view of this, I'll stand pat with the original order denying Summary Judgement.

**B.  Motions in Limine:**

Arkansas Game and Fish Commission's, first Motion in Limine asks that an envelope bearing the acronym HNIC be excluded. This envelope was sent in 1992 -- years before the Plaintiff was employed by Defendant.  It was written by a former employee who Plaintiff never met.  In view of this, the envelope is not sufficiency relevant (if relevant at all)  or probative.

In addition, Defendant argues for the exclusion of testimony that other employees at the Arkansas Game and Fish Commission told racist jokes and made other racially inappropriate remarks.  Defendant asserts that such evidence is not relevant because the remarks were not directed to Plaintiff or made in his presence.  The Eighth Circuit has recently found that such evidence may be relevant to prove motivation, and may lend credibility to a plaintiff's testimony.[9]   If Plaintiff can demonstrate that the remarks were part of a widespread tolerance of racism by management, then the evidence is relevant.  The admissibility of such testimony will be addressed at trial.

Finally, the Arkansas Game and Fish Commission asks to strike Plaintiff's claim for damages, and argues that Plaintiff  never suffered any monetary loss.  While there is no

---

[9]*William v. ConAgra Poultry Company*, 378 F.3d 790 (2004).

evidence that his wages were reduced, Plaintiff has produced some evidence from which a jury may conclude that he was prevented from receiving merit raises.  While this evidence may be too weak to give to a jury,  this question can best be addressed at a trial, when the evidence is in.

The Arkansas Game and Fish Commission's second Motion in Limine asks that Plaintiff be precluded from calling Shawn Merrell as a witness.[10]   Defendant's objection that disclosure is untimely is no longer applicable, since the trial date has been continued.  All other objections raised by Defendant concerning the testimony of Mr. Merrell are not persuasive.   If Mr. Merrell testifies about racist remarks made by Mr. Zachary, it is relevant to the issue of motivation and may bolster Plaintiff's description of discrimination and abuse.

The Motion in Limine filed by the individual defendants addresses the same issues raised by the Game and Fish  Commission in its first Motion.[11]  So, it is unnecessary to repeat the findings made above.

**C.  Qualified Immunity under the Arkansas Civil Rights Act and §1983:**

Only persons can be sued under 42 U.S.C.§1983 and the Arkansas Civil Rights Act. State agencies are not persons under either statutory scheme.[12]   Plaintiff may ask for appropriate injunctive relief under the ACRA and §1983 by suing individual state actors in

---

[10]Doc. No. 61.

[11]Doc. No. 57.

[12]*Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989); *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

their "official capacities."   Such suits are usually brought against those officials who are in the best position to implement injunctive orders.  In this case, that would include Mr. Henderson, in his official capacity as director of the Arkansas Game and Fish Commission, and Mr. Harris, in his official capacity as Chief of the Wildlife Management Division.

In order to claim and receive damages under the ACRA or §1983, Plaintiff must sue officials in their individual capacities.  According to the ACRA, a plaintiff must demonstrate malice before he can be awarded damages from an individual state official.[13]  "Malice is defined as the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent."[14]  Under §1983, Plaintiff must show that the official violated a constitutional right which a reasonable person would have recognized as a violation.[15]

After considering the evidence presented and arguments made by Plaintiff, I find that there are no facts demonstrating malice on the part of Defendants Henderson, Harris, and Teel, but there may be sufficient facts showing malice by Oldman and Zachary.  Since, a finding of malice may also call for punitive damages, I will reserve my ruling until the evidence is presented at trial.  The remaining defendants under the ACRA are Henderson and Harris -- but only in their official capacities.

---

[13]*Robinson v. Langdon*, 333 Ark. 662, 669 (1998).

[14]*King v. Powell*, 85 Ark. App. 212, 222 (2004) *citing Fegans v. Norris*, 351 Ark. 200 (2002).

[15]*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

With respect to individual liability under §1983, I find that there is ample evidence to submit the issue of individual liability of Zachary and Oldham. There is enough evidence from which a jury may conclude that Zachary and Oldham harbored, and acted because of, discriminatory motives. The right to be free from discrimination is the central purpose of the Equal Protection Clause and it is a right that is well-established.[16] A reasonable official would be aware that it is a constitutional violation to create a hostile work environment, and to take adverse action against an employee based on racial bias.

Plaintiff must have some evidence that the other Defendants caused or participated in the alleged violations of Zachery and Oldman. The official charged with liability must know about the conduct, facilitate it, condone it, or turn a blind eye.[17] Plaintiff did not present any evidence that Henderson and Harris were involved in the violations, and there is slim evidence of Teel's involvement. Plaintiff's argument that Defendants are liable for civil conspiracy is not persuasive. As already stated, Plaintiff offered no evidence that the named defendants acted in concert.

**D.  Motions to Strike:**

The Arkansas Game and Fish Commission and the Individual Defendants filed Motions to Strike an affidavit filed by Plaintiff.[18] Defendants object to new information contained in the

---

[16]*Washington v. Davis*, 426 U.S. 229, 239 (1976); *Aidckes v. S.H. Kress & Co.*, 398 U.S.144, 151 (1970).

[17]*Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

[18]Doc. Nos. 93 and 95.

affidavit.   Defendants assert that Plaintiff was extensively questioned about such behavior during his deposition and failed to mention the incident described in the recent affidavit. Defendants now have time aplenty to prepare for cross examination of Plaintiff.  There is no need to strike this affidavit.  The jury can determine whether Plaintiff is lying or suffering from a lapse of memory.

### Conclusion

Plaintiff has put forth enough evidence to establish a trial worthy question that he was subjected to a racially hostile work environment and adverse employment action.  The Defendants, Zachary, and Oldham may be individually liable under 42 U.S.C.§1983, and may be found to have acted maliciously under the ACRA.   There is faint evidence to establish that the remaining defendants were personally responsible for any constitutional violation and are, therefore, entitled to qualified immunity under §1983.   Withal, Defendants other than Zachary and Oldman are entitled to qualified immunity under the ACRA.   Defendants, Henderson and Harris,  remain parties in their official capacities under the ACRA and 42 U.S.C.§1983. Plaintiff failed to present evidence that Mr. Teel should remain in this case.

The evidence of the acronym HNIC will be excluded.   Testimony of racial jokes and other remarks made by employees outside the presence of Plaintiff  will be allowed, if there is sufficient foundation that management participated in, or condoned, the behavior.  The testimony of Mr. Merrell is relevant to the motivation of Zachary and will be allowed.

In fine, the Motion for Reconsideration is DENIED; the Motions in Limine are GRANTED in part and DENIED in part; The Motions to Strike are DENIED; and the Motion for an Order[19] is MOOT.

IT IS SO ORDERED this 20th day of September, 2005.

                                          <u>/s/ Wm. R.Wilson,Jr.</u>
                                      UNITED STATES DISTRICT JUDGE

---

[19]Doc. No. 82.