IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 15 2006

JAMES W. McCORMACK, CLERK
By: _____
                       DEP CLERK

JOHNNIE JONES, JR.        PLAINTIFF

v.                        No. 3:04CV-00030 WRW

ARKANSAS GAME & FISH COMMISSION        DEFENDANTS
and TERENCE TEEL, Supervisor at Shirey Bay/
Rainey Brake WMA; DALE OLDHAM, Shirey Bay/
Rainey Brake Area Manager; DONNIE HARRIS,
Chief of the Wildlife Management Division of AGFC;
ROBERT ZACHARY, Region 1 Supervisor for AGFC;
and SCOTT HENDERSON, Director of AGFC, In Their
Official and Individual Capacities

## ORDER ON MOTIONS *IN LIMINE*

On May 10, 2006, this Court held a hearing on various pending motions. After considering the pleadings, hearing arguments of counsel, the Court finds as follows:

1. Defendants Arkansas Game & Fish Commission and Separate Defendants, Scott Henderson, Donny Harris, Robert Zachary and Dale Oldham, in their official capacities ("AGFC") and Individual Defendants, Robert Zachary and Dale Oldham ("Zachary and Oldham") filed separate motions to exclude evidence with respect to an incident reported in the media which occurred on April 15, 2006, in Corning, Arkansas, allegedly involving a beating of an African-American. This incident did not occur on AGFC property, involve any AGFC employees, nor was Plaintiff involved in any way. Any probative value of such evidence is far outweighed by the potential for prejudice to Defendants. The

Court hereby grants Defendants AGFC and Zachary and Oldham's motions *in limine* pursuant to Fed. R. Evid. P. 403. Plaintiff's exceptions are noted.

Plaintiff is precluded from arguing or presenting testimony that Plaintiff was reassignment to Big Lake Wildlife Management Area as a result of concerns about the April 15, 2006, Corning beating. Plaintiff can testify as to his reassignment to Big Lake, and the Court will allow cross-examination regarding Plaintiff's unsolicited expression of interest in reassignment to Big Lake.

2.      On April 22, 2005, Defendant AGFC filed a Motion to Strike Plaintiff's claim for breach of contract. Plaintiff claimed that his reassignment from Shirey Bay WMA to Black River WMA was a breach of the agreement settling his 1999 grievance which transferred him to Shirey Bay. The Court hereby dismisses Plaintiff's breach of contract claim.

3.      Defendants Zachary and Oldham requested a motion *in limine* with respect to evidence concerning Plaintiff's grievance filed on August 12, 1999. The longest relevant statute of limitation in this matter is under 42 U.S.C. § 1981, which is January 26, 2000, four years prior to the filing of Plaintiff's complaint. Plaintiff's grievance was resolved on August 30, 1999, by the transfer of Plaintiff to Region 1 in Northeast Arkansas. Plaintiff had not had any contact with the Individual Defendants Zachary and Oldham prior to August, 1999. The Court hereby grants Defendants Zachary and Oldham's motion *in limine,* without prejudice to Plaintiff's right to present evidence that this grievance was settled subsequent to January 26, 2000. If Plaintiff can present such evidence, the Court will reconsider its ruling.

4.      Defendants filed a motion *in limine* to exclude evidence by an

AGFC employee who allegedly told a racial joke in February, 2005, at a conference in Russellville, Arkansas. This alleged incident occurred outside Region 1 (Northeast Arkansas where Plaintiff, Zachary, and Oldham are employed), and neither Plaintiff, Zachary, nor Oldham were present. The Court hereby grants Defendants' motion *in limine* with respect to the alleged February 2005 incident in Russellville.

Plaintiff has alleged that the witness to this alleged joke will testify that he was intimidated. The Court directs Plaintiff to bring this witness and the Court will hear his testimony outside the presence of the jury to determine its admissibility.

5.   The Court hereby takes under advisement Defendants Zachary and Oldham's motion *in limine* with respect to isolated incidents where AGFC employees not in supervisory positions allegedly made racial remarks or told jokes not directed to Plaintiff or heard by Plaintiff. Plaintiff can present evidence out of the hearing of the jury and the Court will rule on the admissibility of this evidence.

6.   The Court hereby reserves ruling on Defendants' motion *in limine* with respect to testimony of an alleged incident in Memphis whereby Robert Zachary was a victim of a robbery and allegedly used the "N" word. Plaintiff is directed that he cannot refer to this incident in opening statements. Plaintiff can present evidence of specific testimony out of the hearing of the jury. The Court will allow Plaintiff to present testimony that Robert Zachary allegedly asked him "You call yourselves n\*\*\*\*\*\*– why can't we?"

7.   Defendant AGFC has filed a motion to strike Plaintiff's proposed

Exhibit 61 (a cassette tape recording of an August 20, 2003 grievance hearing), Exhibit 62 (a cassette tape of an August 19, 1999 grievance hearing), and Exhibit 66 (a Letter dated 1/25/06 from Clifton Jackson). The Court will not allow the playing of entire tapes to the jury. Plaintiff will be allowed to present outside the hearing of the jury the portions of the tapes that he wants played to the jury and Defendants will have an opportunity to object. The Court will reserve ruling on Plaintiff's Exhibit 66.

    8.    Plaintiff has filed a motion *in limine* with respect to what Plaintiff characterized as recorded meetings held the week of April 24, 2006 between AGFC administrative personnel and Plaintiff, "auspiciously for the purpose of Paul Provence's request for a transfer/reassignment of Plaintiff Jones to another AGFC wildlife management area." Plaintiff seeks an order limiting the use of any statements made by Plaintiff until counsel has an opportunity to hear the tape recording. AGFC represented that there was no tape recording related to Plaintiff's reassignment to Big Lake WMA, but there was an April 26, 2006 tape recording of an investigation concerning a citizen's complaint about Plaintiff dumping trash in a private dumpster. Counsel for Defendants represented that he has no intention of introducing this tape recording. Counsel for Defendant AGFC is directed to send the tape recording by overnight delivery to Plaintiff's counsel.

    9.    Plaintiff raised an additional issue regarding introduction of the recent evaluations of Plaintiff' and of Plaintiff's supervisor, Paul Provence. Plaintiff also seeks to present testimony that Provence is dissatisfied with his job with AGFC and is looking for another job. Neither the evaluation of Plaintiff's

supervisor, his alleged job search, nor his dissatisfaction his job is relevant to this action and will be excluded. Plaintiff is directed to bring Plaintiff's recent evaluation and the Court will review it outside the presence of the jury prior to ruling on its admissibility.

10.    The issues not ruled on in this hearing will be heard on Monday, May 15, 2006, at 8:45. Jury selection will begin at 9:30 a.m. followed by opening statements. Plaintiff is allowed 25 minutes, Defendant AGFC is allowed 22 minutes and Individual Defendants Zachary and Oldham will be allowed 15 minutes.

IT IS HEREBY ORDERED this 11th day of May, 2006.

_____
HONORABLE WILLIAM R. WILSON

Order Prepared by:


Scotty Shively, Ark. Bar No. 81144
**CROSS, GUNTER, WITHERSPOON
& GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 371-9999
Fax:   (501) 371-0035
Attorneys for Individual Defendants, Robert Zachary and Dale Oldham


cc to:
**Larry J. Steele**
115 S.W. Second Street
P.O. Box 561
Walnut Ridge, Arkansas 72476-0561
Fax:   (870) 886-5840

Attorney for Plaintiff

**Charles W. Reynolds**
DOVER DIXON HORNE PLLC
425 West Capitol Avenue, Suite 3700
Little Rock, Arkansas 72201
Telephone: (501) 375-9151
Facsimile: (501) 375-6484
Attorneys for Def. Arkansas Game & Fish Commission
and Separate Defendants, Robert Zachary & Dale Oldham,
in their Official Capacities

**James F. Goodhart**
Attorneys for Def. Arkansas Game & Fish Commission
and Separate Defendants, Robert Zachary & Dale Oldham,
in their Official Capacities