INSTRUCTION NO: 1                *Court Copy*

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

INSTRUCTION NO: 2

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

INSTRUCTION NO: 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

INSTRUCTION NO: 4

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

As stated in the opening instructions, "proof beyond a reasonable doubt" is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

INSTRUCTION NO: 5

Your verdict must be for the Plaintiff and against Defendants on the Plaintiff's racial retaliation claim if all the following elements have been proved by the greater weight of the evidence:

*First*, Plaintiff engaged in a protective activity; and

*Second*, Defendants assigned Plaintiff to a different work location; and

*Third*, the assignment to a different work location was an adverse employment action; and

*Fourth*, there was a causal connection between Plaintiff's protected activity and the adverse employment action by Defendants, and race was a motivating factor.

If any of the above elements has not been proved by the greater weight of the evidence, your verdict must be for Defendants, and you need not proceed further in considering this claim. In addition, your verdict must be for Defendants if it has been proved by the greater weight of the evidence that Defendants would have been *Plaintiff* reassigned even if Plaintiff had not complained about race discrimination.

INSTRUCTION NO: 5A

In determining whether there is a causal connection regarding Plaintiff's racial retaliation claim, you may consider any gap in time between the Plaintiff's protected activity and the adverse employment action by the Defendants.

INSTRUCTION NO: 5B

As used in these instructions, Plaintiff's transfer or reassignment to Black River WMA was an "adverse employment action" if it resulted in a material employment disadvantage to Plaintiff, such as a change in salary, benefits, or responsibilities. A transfer or reassignment involving only minor changes in working conditions and no reduction in pay or benefits will not constitute an adverse employment action.

INSTRUCTION NO: 6

Your verdict must be for Plaintiff and against Defendants on Plaintiff's claim of racially hostile work environment if all of the following elements have been proved by the greater weight of the evidence:

*First*, Plaintiff was subjected to unfair reassignment and harassment; and

*Second*, such conduct was unwelcome; and

*Third*, such conduct was based on Plaintiff's race; and

*Fourth*, such conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile; and

*Fifth*, at the time such conduct occurred and as a result of such conduct, Plaintiff believed his work environment to be hostile; and

*Sixth*, Defendants knew or should have known of the reassignment; and

*Seventh*, Defendants failed to take prompt and appropriate corrective action to end the reassignment.

If any of the above elements has not been proved by the greater weight of the evidence, your verdict must be for the Defendants and you need not proceed further in considering this claim.

INSTRUCTION NO: 7

You may not return a verdict for Plaintiff just because you might disagree with Defendants' decision or believe that it is harsh and unreasonable.

INSTRUCTION NO: 8

As used in these instructions, Plaintiff's race was a "motivating factor," if it played a part in the Defendants' decision to reassign Plaintiff. However, Plaintiff's race need not have been the only reason for Defendants' decision to reassign Plaintiff.

INSTRUCTION NO: 9

You may find that Plaintiff's race was a motivating factor in Defendants' decision if it has been proved by the greater weight of the evidence that Defendants' stated reasons for their decision are not the real reasons, but are a pretext to hide race discrimination.

INSTRUCTION NO: 10

If you find in favor of Plaintiff under Instruction No.5, then you must award Plaintiff such sum as you find by the greater weight of the evidence will fairly and justly compensate Plaintiff for any damages you find Plaintiff sustained as a direct result of Defendants' decision to reassign Plaintiff to Black River WMA due to race.

If you find in favor of Plaintiff under Instruction No. 6, then you must award Plaintiff such sum as you find by the greater weight of the evidence will fairly and justly compensate Plaintiff for any damages you find Plaintiff sustained as a direct result of Defendants' creation of a hostile work environment.

You must determine the amount of any damages sustained by Plaintiff such as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, or other nonpecuniary losses. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

Plaintiff is not entitled to damages for any act of any Defendant that occurred before October 2001.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this instruction by way of punishment or through sympathy.

INSTRUCTION NO: 11

If you answer Question No. 3 of the verdict form in favor of Plaintiff, but you find that Plaintiff's damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of one dollar ($1.00).

INSTRUCTION NO: 12

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your presiding juror. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember, at all times, that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone -- including me-- how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Fifth, please remember, no cellular telephones are permitted in the jury room during deliberations.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. Please take a look at the forms now.

You will take this form to the jury room, and when each of you has agreed on the verdict, your presiding juror will fill in the form, sign and date it, and advise the bailiff that you are ready to return to the courtroom.