**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**JOHNNIE JONES, JR.**                                                                             **PLAINTIFF**

**v.**                                   **NO. 3:04CV0030-WRW**

**ARKANSAS GAME & FISH COMMISSION,** *et al.*                   **DEFENDANTS**

**ORDER DENYING MOTION FOR NEW TRIAL**

On this date, Plaintiff filed a Motion for New Trial Pursuant to Fed. R. Civ. P. 59 (Doc. No. 123). The Motion is DENIED.

Plaintiff's counsel argued vigorously, before and during the trial, that he should be permitted to introduce evidence of <u>alleged</u> racial incidents in the area to which Plaintiff was transferred by the Defendants (the Dave Donaldson/Black River WMA).

Perhaps Plaintiff could have shown that the area to which he was transferred was more racially hostile, as a general matter, than was the area from which he was transferred by use of some sort of scientific testing/polling/analysis. But, the introduction of isolated incidents, purported to be racially charged, committed by members of the public not connected with Defendants would have required a mini trial for each of those incidents; and, even if they could have been shown to have been racially tainted, they were not sufficient in number to give a cross section view.

It is noted, again, that some of these proffered incidents had no direct connection with Plaintiff.

The other points covered under Plaintiff's "Error of Law" portion of his motion were ruled upon before or during the trial and, upon those points, I stand pat.

During the early part of the trial, Plaintiff's counsel reported that one of the jurors, Ms. Julie Smrt, was allegedly seen talking to a woman who may have been Defendant Zachary's wife. The daughter of Plaintiff's counsel and a friend of hers reported this to Plaintiff's counsel, whereupon a hearing was set, to be held immediately after the jurors were excused in the afternoon. Meanwhile, Ms. Smrt became ill and was excused, without objection of counsel. Shortly thereafter, Plaintiff's counsel asked that he be permitted to release his daughter and her friend so they would not need to drive to Jonesboro from Walnut Ridge because, in the words of Plaintiff's counsel, the issue had become "moot." I agree that it became moot, at least when Plaintiff's counsel declared it so; and from my vantage point, it remains moot.

For the reasons stated above, Plaintiff's Motion for a New Trial, filed this date is denied this date.

IT IS SO ORDERED this 30th day of May, 2006.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE